UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAQUALE R. WOODHOUSE, ) | Case No.: 3:05CV2934 |
| ) | |
| Petitioner, ) | JUDGE LESLEY WELLS |
| ) | Magistrate Judge George J. Limbert |
| vs. ) | |
| ) | |
| SANDUSKY COUNTY COMMON ) | REPORT AND RECOMMENDATION |
| PLEASE COURT, et al., ) | OF MAGISTRATE JUDGE |
| ) | |
| Respondent. ) | |

On December 20, 2005, Shaquale R. Woodhouse ("Petitioner") filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. For the following reasons, the undersigned recommends that this petition be DISMISSED with prejudice.

**I.   FACTUAL BACKGROUND/PROCEDURAL HISTORY**

In March of 2003, Petitioner was indicted by the Sandusky County Grand Jury on four counts of Aggravated Murder in violation of Ohio Revised Code §2903.01 with death penalty specifications, one count of Aggravated Burglary in violation of R.C. §2911.11(A)(1), one count of Burglary in violation of R.C. §2911.12(A)(1), one count of Rape in violation of R.C. §2907.02(A)(1), one count of Abuse of a Corpse in violation of R.C. §2927.01(B) and one count of Tampering with Evidence in violation of R.C. §2921.12(A)(1). ECF Dkt. #10, Attachment 1. Petitioner pled not guilty to the charges in the indictment, all of which pertained to a single victim, a female under the age of thirteen. On August 28, 2003, Petitioner waived his right to a trial by jury and elected to be tried by a three-judge panel. ECF Dkt. #10, Attachment

1 at 8. A plea was negotiated wherein Petitioner agreed to plead guilty to one count of Aggravated Murder in exchange for receiving Life in prison with no possibility of parole and the death penalty would be dropped. ECF Dkt. #10, Attachment 1 at 9-14. The three-judge panel accepted the plea, on August 28, 2003, and reviewed the evidence to establish the elements of the offense and found him guilty. ECF Dkt. #10, Attachment 1 at 15-21. On August 28, 2003, Petitioner was sentenced to Life in prison with no possibility of parole. ECF Dkt. #10, Attachment 5.

Petitioner did not file a direct appeal from his conviction and sentence.

On December 3, 2003, Petitioner filed a timely pro se petition to vacate or set aside his sentence wherein he presented the following claims for relief:

1. CONVICTION AND SENTENCE VOID OR VOIDABLE BECAUSE I WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING MY CAPITAL TRIAL.

2. SENTENCE VOID OR VOIDABLE BECAUSE THE PROSECUTOR WITHHELD MATERIAL EVIDENCE IN VIOLATION OF MY RIGHTS TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE U.S. CONSTITUTION.

ECF Dkt. #10, Attachment 1 at 22-26. The State filed a motion to dismiss because Petitioner did not present sufficient operative facts to demonstrate substantive grounds for relief. ECF Dkt. #10, Attachment 2. Additionally, on January 14, 2004, the State filed a motion for summary judgment. ECF Dkt. #10, Attachment 2. On February 13, 2004, the court issued a judgment entry granting the motion for summary judgment and dismissing the post conviction petition. ECF Dkt. #10, Attachment 2.

On March 12, 2004, Petitioner filed a timely pro se notice of appeal from the dismissal of his post conviction petition in the Sandusky County Court of Appeals, Sixth District. ECF Dkt.

#10, Attachment 2. In his brief, Petitioner presented the following assignments of error:

> 1. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S GROUNDS FOR RELIEF IN THE POST-CONVICTION PETITION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EVIDENTIARY MATERIAL TO MERIT DISCOVERY AND AN EVIDENTIARY HEARING.
>
> 2. THE TRIAL COURT ERRED WHEN IT DENIED PETITIONER'S POST-CONVICTION [sic] HIM THE OPPORTUNITY TO CONDUCT DISCOVERY.
>
> 3. THE TRIAL COURT ERRED WHEN IT OVERRULED EXPERTS.
>
> 4. THE CUMULATIVE ERROR OF APPELLANT'S SUBSTANTIVE CLAIMS MERIT REVERSAL OR REMAND FOR A PROPER POST-CONVICTION PROCESS.

ECF Dkt. #10, Attachment 3. The State filed an answer brief. ECF Dkt. #10, Attachment 4. On November 19, 2004, the Court of Appeals issued a decision and judgment entry finding the first and fourth assignments of error not well taken and assignments of error two and three moot therefore affirming the judgment of the common pleas court. ECF Dkt. #10, Attachment 4.

Petitioner timely appealed, pro se, to the Ohio Supreme Court. ECF Dkt. #10, Attachment 4. In his memorandum in support of jurisdiction, Petitioner presented the following propositions of law:

> 1. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF, OR AT A BARE MINIMUM, AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> 2. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION WITHOUT FIRST AFFORDING HIM THE OPPORTUNITY TO CONDUCT DISCOVERY.

  3. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR FUNDS TO EMPLOY AN EXPERT IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

ECF Dkt. #10, Attachment 5. The State filed a memorandum in opposition. ECF Dkt. #10, Attachment 5. The Ohio Supreme Court, on March 23, 2005, declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #10, Attachment 5.

On December 20, 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. He asserts the following seven grounds for relief:

**GROUND ONE:** PROSECUTORIAL MISCONDUCT.

**Supporting FACTS:** The prosecution failed to meet the demand for a granted motion of discovery. The prosecution obtained search warrants and statements for a number suspects and witnesses. They sent a large list of specimens to be tested at the state's crime lab. None of the statements made by witnesses or suspects or the complete DNA analysis of the majority of items sent to the labs for testing were ever given to the defense.

**GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL.

**Supporting FACTS:** The defense counsel were very ineffective in that they ignored many important facts that would have had a profound impact on the outcome of the defendant's trial. From the beginning of his trial the defendant maintained his plea of innocence. He told counsel that he was under the influence of alcohol and illegal drugs during an interview in which incriminating statements were made. Photographs and his appearance on the tape showed evidence of intoxication. His defense counsel made no attempt to discredit the statements made [on] the video tape. His counsel never attempted to gain its own evidence from the crime scene or the appellants home. Moreover, the defense counsel clearly saw that the stipulations to the discovery law were not met yet they held a high disregard toward obtaining the evidence. The trial judge even asked why they did not attempt to refute any of the existing evidence held by the state prosecutor. The defendant had no other choice but to accept a plea bargain in the hopes of avoiding the death penalty.

**GROUND THREE:** PLEA OF GUILTY UNLAWFULLY INDUCED.

**Supporting FACTS**: The defendant maintained his plea of innocence throughout the trial. After months of being held in solitary confinement under administrative segregation, the defendant was moved toward a plea agreement. The defendant seeing other choices that his counsel would support he reluctantly accepted. Regardless of the evidence of the defense counsel's lack in proper representation of the defendant the court accepted the plea and sentenced the defendant to life without parole.

**GROUND FOUR: CONVICTION OBTAINED BY THE USE OF A COERCED CONFESSION.**

**Supporting FACTS**: The defendant was convicted by the use of incriminating statement made on video. The tape showed a person who is clearly intoxicated and under duress. The manner in which the officer's question him is very suggestive and over bearing. The defendant indicated that he did not wish to continue questioning several times which were ignored. The detectives often goaded the defendant into making statements that they wanted to hear and that were repeated. The series of events surrounded the crime, depicted by the defendant, were never substantiated or backed by any credible evidence. The only evidence used to convict the defendant was a videotaped statement made by an intoxicated individual under the pressures of the interviewing officers.

**GROUND FIVE: UNMERITED SENTENCE ADMINISTERED**.

**Supporting FACTS**: The appellant initially pled not guilty to the crime of Agg. Murder before a change of plea hearing in which he pled guilty to the same crime. The evidence used in the hearing was a video-taped statement to the effect that he did not intentionally murder the victim. Yet his statement was used to convict the appellant of purposefully committing the crime of agg. Murder. No other evidence what-so-ever was used to suggest that the appellant purposefully killed the victim.

**GROUND SIX: NO ADEQUATE CORRECTIVE PROCESS PROVIDED BY THE STATE.**

**Supporting FACTS**: The State's post-conviction process is used to see Appellate relief on grounds that are not able to be raised on direct appeal, and because of the nature of the plea agreement. The Appellant had to seek an adequate corrective process through a post-conviction petition. The state post-conviction process as experienced by the Appellant did not provide an adequate corrective process. The appellant sought relief and was denied: Appointment of counsel, discovery motions, and even evidentiary hearings. Indigent petitioners have the nearly insurmountable burden of collecting evidence to support valid claims prior to filing the petition,

> without the means to do so. Without access to traditional discovery mechanism, Ohio's post-conviction process is rendered useless. Indeed the Sixth Circuit has commented several times on the process.
>
> **GROUND SEVEN: DENIAL OF RIGHT OF APPEAL.**
>
> **Supporting FACTS:** Appellant was strategically forced into a situation where he would have to accept a plea bargain and give up his right to appeal in hopes of avoiding the death penalty and in the hope of finding any adequate and just corrective process through the state's post-conviction process in the end none was provided.

ECF Dkt. #1.  On December 20, 2005, Petitioner filed a motion for the appointment of counsel.

ECF Dkt. #3.  On February 2, 2006, the case was referred to the undersigned for a report and

recommendation.  ECF Dkt. #9.  On April 3, 2006, Respondent filed a return of writ/answer.

ECF Dkt. #10.  On May 3, 2006, Petitioner field a traverse.  ECF Dkt. #11.  On October 12,

2006, Petitioner's motion for appointment of counsel was denied.  ECF Dkt. #14.

## II.     STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply.  *See*

*Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under

Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the

United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

### A.     Procedural Barriers to Review

Before a reviewing court will review the merits of a federal petition for a writ of habeas

corpus, a petitioner must overcome several procedural hurdles.  Namely, a habeas petitioner

must surmount the barriers of time limitation, exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993) (quotation omitted). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v.*

*Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged test to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under *Maupin*, a reviewing court must decide:

(1)  whether the petitioner failed to comply with an applicable state procedural rule;

(2)  whether the state courts actually enforced the state procedural sanction;

(3)  whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)  if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the *Maupin* analysis, a claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for

-8-

the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751 (1991). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

### B. Standard of Review for Merits of a Claim

When a habeas petitioner overcomes the aforementioned procedural obstacles, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the state court's decision contradicts Supreme Court precedent on a question of law or if, in a case with facts materially indistinguishable from a Supreme Court case previously decided, the state court reaches an outcome different from that required by the Supreme Court's decision.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause permits a federal court to grant habeas relief only if the state court applies a correct legal principle to the facts of the case in an objectively unreasonable manner. *Id*. at 411. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.; see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

### III.  DISCUSSION

Petitioner asserts seven grounds for relief including prosecutorial misconduct, ineffective assistance of counsel, plea of guilty unlawfully induced, coerced confession, unmerited sentence administered, no adequate corrective process provided by the state and denial of right to appeal. ECF Dkt. #1. Respondent argues that four of these grounds for relief are waived and therefore procedurally defaulted in this Court and three of the grounds are without merit. ECF Dkt. #10. The undersigned will address each argument in turn.

In this case, Petitioner entered into a plea agreement and entered a plea of guilty to the charge of aggravated murder. ECF Dkt. #10, Attachment 1 at 9-14. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *United States v. Broce,* 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986). The only challenges that a federal habeas corpus petitioner may make after he has entered a guilty plea concern the nature of his counsel's advice to plead and the nature of his plea as voluntary and intelligent. *Joe v. Eagleton*, No. CA 2:03-1507-23, 2004 WL 3317659 at

*3 (D.S.C. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Signori,* 844 F.2d 635 (9th Cir.1988). A guilty plea "is an admission of all the elements of a formal criminal charge...." *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). A plea is valid only if it is entered voluntarily, knowingly and intelligently, with "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). "[T]he accuracy and truth of an accused's statements ... in which his guilty plea is accepted are conclusively established by that proceeding unless and until he makes some reasonable allegation why this should not be so." *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir.1975). Moreover, a guilty plea forecloses consideration of constitutional deprivations in federal habeas corpus petitions where the alleged deprivations occurred prior to the entry of the guilty plea. *Eagleton,* 2004 WL 3317659 at *3, citing *Tollett,* 411 U.S. at 267.

Petitioner raises overlapping arguments that his plea was involuntary because of ineffective assistance of counsel in Grounds for Relief numbers 2 and 3. Petitioner alleges that his trial counsel failed to fully investigate the charges and witnesses before advising him about the guilty plea and because his attorney failed to adequately represent him, Petitioner has induced to enter a plea of guilt. *See* ECF Dkt. #1. To support a claim that a guilty plea was involuntary due to ineffective assistance of trial counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, he would not have plead guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985).

-11-

The state court reviewed this issue in the petition for post-conviction relief.  The state court found no evidence to support Petitioner's argument that he received ineffective assistance of counsel.  ECF Dkt. #10, Attachment 2 at 5-9.   Further, at the plea hearing, Petitioner was asked several questions pertaining to his counsel and he indicated that he was satisfied with his counsel.

The following conversations took place between the Court and Petitioner:

> JUDGE SHERCK: [A]re you now satisfied with the representation you've gotten?
>
> THE DEFENDANT: Yes.
>
> JUDGE SHERCK: Do you have any belief that they did not have your best interests in mind regarding your decision to plead guilty today?
>
> THE DEFENDANT: No.
>
> JUDGE SHERCK: You understand that – Do you have any belief that they do not understand the laws that govern your case?
>
> THE DEFENDANT: No.
>
> JUDGE SHERCK: Were you allowed to ask questions about your case?
>
> THE DEFENDANT: Yes.
>
> JUDGE SHERCK: Okay.  Did they go over the discovery information the Prosecutor gave them and what evidence they had?  Did they go over that with you?
>
> THE DEFENDANT: Yes.
>
> JUDGE SHERCK: Did you understand the advice they gave you since your arrest?
>
> THE DEFENDANT: Yes.
>
> \*\*\*
>
> JUDGE SHERCK: Okay.  Did you discuss with your lawyers the mitigating factors that may be present?
>
> THE DEFENDANT: Yes.
>
> \*\*\*
>
> JUDGE SHERCK: So, one more time, do you have confidence in Mr. Cimerman?

>THE DEFENDANT:   Yes.
>JUDGE SHERCK:    Do you have confidence in Mr. Geudtner?
>THE DEFENDANT:   Yes.
>\*\*\*
>JUDGE SHERCK:    You're satisfied with the job they've done for you.
>THE DEFENDANT:   Yes.

ECF Dkt. #10, Attachment 7 at 34-37 (Trial Transcript at 89-92). And then the Court asked Petitioner the following:

>JUDGE SHERCK:    And you acknowledge that you are freely and voluntarily entering this plea agreement; that no threats or coercion have been employed against you to induce you to enter into this Plea Agreement and no promises have been made to you, except those contained in the Agreement.
>
>Do you in your mind feel that you are freely and voluntarily entering into this Plea Agreement, Mr. Woodhouse?

To which Petitioner answered in the affirmative. Tr. at 76-77. "[T]he accuracy and truth of an accused's statements ... in which his guilty plea is accepted are conclusively established by that proceeding unless and until he makes some reasonable allegation why this should not be so." *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir.1975). In light of the foregoing and in absence of any evidence to support his argument that Petitioner received ineffective assistance of counsel, the undersigned can not conclude that the state court was incorrect in its conclusion that Petitioner failed to establish a colorable claim of ineffective assistance of counsel. Moreover, the undersigned finds that Petitioner has not provided any evidence to indicate that his plea was not voluntarily and intelligently made. Accordingly, the undersigned recommends that the Court find Grounds for Relief Numbers 2 and 3 are without merit.

Petitioner's remaining five Grounds for Relief are non-cognizable on habeas review because they do not pertain to the nature of the plea.  *See Joe v. Eagleton*, No. CA 2:03-1507-23, 2004 WL 3317659 at *3 (D.S.C. 2004), citing *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (explaining that the only challenges that a federal habeas corpus petitioner may make after he has entered a guilty plea concern the nature of his counsel's advice to plead and the nature of his plea as voluntary and intelligent); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *See State v. Barnett*, 73 Ohio App. 3d 244, 249 (1991) (explaining that a guilty plea is a waiver of the right to claim that one was prejudiced by ineffective assistance of counsel except to the extent that the ineffective assistance made the plea less than knowing or voluntary).  Instead, they involve alleged constitutional deprivations which Petitioner specifically waived in the plea bargain or occurred prior to the entry of the guilty plea, and which are therefore foreclosed by the guilty plea.

Accordingly, the undersigned recommends that this Court find that as to Grounds for Relief two and three, Petitioner has failed to show that the Ohio Courts reached a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Further, as to Grounds for Relief One, Four, Five, Six and Seven, the undersigned recommends that the Court find these grounds for relief are non-cognizable on habeas review.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court dismiss the instant Petition for the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 with prejudice. ECF Dkt. #1.


Date: January 9, 2007                                    */s/George J. Limbert*
                                                         George J. Limbert
                                                         United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).