IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
SHAQUALE WOODHOUSE,               : CASE NO. 1:05 CV 02934
                                  :
                    Petitioner,   :
                                  :
         -vs-                     : <u>ORDER OF OPINION AND ORDER</u>
                                  : <u>ADOPTING REPORT AND</u>
ED VOORHIES, Warden,              : <u>RECOMMENDATION AND</u>
                                  : <u>DISMISSING IN PART AND DENYING</u>
                    Respondent.   : <u>IN PART THE HABEAS PETITION</u>
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

**I. Introduction**

On 20 December 2005, Shaquale R. Woodhouse ("Mr. Woodhouse" or "Petitioner") filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, asserting seven grounds for relief. (Doc. 1). This case was automatically referred to Magistrate Judge George J. Limbert for a Report and Recommendation ("R&R"). (Docket No. 9). The Magistrate Judge considered Mr. Woodhouse's petition, the respondent's return of writ (Doc. 10), and the traverse to the return of writ (Doc. 11). On 9 January 2007, Magistrate Judge Limbert filed his R&R, recommending the petition be dismissed with prejudice. (Docket No. 15). Petitioner then filed objections to the R&R on 23 January 2007. (Docket No. 16).

As discussed below, this Court will adopt the Magistrate Judge's R&R, dismissing grounds one, four, five, and seven of Mr. Woodhouse's petition as non-cognizable in a habeas petition predicated on a plea of guilty.  Further, the Court denies grounds two, three and six of Mr. Woodhouse's petition upon a finding that the state courts' decisions were neither based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, nor were the decisions contrary to, or the result of an objectively unreasonable application of, clearly established federal law.

## II. Background

The record reflects that Mr. Woodhouse was indicted in March 2003 on four counts of Aggravated Murder in violation of Ohio Revised Code § 2903.01 with death penalty specifications, one count of Aggravated Burglary in violation of O.R.C. § 2911.11(A)(1), one count of Burglary in violation of O.R.C. § 2911.12(A)(1), one count of Rape in violation of O.R.C. § 2907.02(A)(1), one count of Abuse of a Corpse in violation of O.R.C. § 2927.01(B), and one count of Tampering with Evidence in violation of O.R.C. § 2921.12(A)(1).  (Doc. 10).  Mr. Woodhouse pled not guilty to the charges in the Indictment, each of which pertained to a single victim, a female under the age of thirteen.  Mr. Woodhouse waived his right to a trial by jury and elected to be tried by a three-judge panel.  Further, represented by counsel, Adrian Cimerman, Mark Geudtner and Richard Vickers, on 28 August 2003, Mr. Woodhouse negotiated a Plea Agreement in which the Petitioner agreed to plead guilty to one count of Aggravated Murder (Count II) and Specification Three (purposely causing the death of another under the age of

2

thirteen years in the commission of the offense in which the Defendant was the principal offender in the commission of the offense in violation of O.R.C. 2929.04(A)(9)). (Doc. 10; Exhibit 7). In exchange for his plea, Mr. Woodhouse received Life in prison without the possibility of parole and the state of Ohio dropped pursuit of the death penalty. Mr. Woodhouse agreed to the Plea Agreement after a lengthy colloquy between himself, the three-judge panel, the state prosecutor, and the Petitioner's three "death penalty certified" attorneys. (Doc. 10; Exhibit 7 pp. 1-57; Exhibit 8, pp. 1-50; Exhibit 9, pp. 1-29).

During the plea hearing the three judge panel reviewed with Mr. Woodhouse the Indictment, the trial and sentencing procedures, the probable jury instructions and standards, each of the sixty-five pre-trial motions filed by the Petitioner's counsel, Mr. Woodhouse's satisfaction with his counsels' representation, and the stipulated evidence along with the presentation of evidence, and witness testimony in compliance with O.R.C. 2945.06 and Ohio Crim. Rule 11(c)(3). After hearing from a mitigation expert, the three judge panel reached a unanimous verdict "that the sentence as stipulated to and agreed to in the plea negotiations be approved, that the sentence, that is, specifically, Life with no possibility for parole." (Tr. 129).

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1).

3

The Court of Appeals, Sixth Appellate District, Cuyahoga County, Ohio delineated the facts of this case on appeal.  Because Mr. Woodhouse has not rebutted these factual findings by clear and convincing evidence, the Court presumes they are correct and, accordingly, recites the following facts:

> This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas. Appellant, Shaquale R. Woodhouse, appeals the denial of his petition for post-conviction relief and asserts the following assignments of error:
>
>> "Assignment of Error No. I.
>> "The trial court erred in dismissing appellant's grounds for relief in the post-conviction petition when he presented sufficient operative facts and supporting evidentiary material to merit discovery and an evidentiary hearing."
>> "Assignment of Error No. II.
>> "The trial court erred when it denied petitioner's post-conviction [sic] him the opportunity to conduct discovery."
>> "Assignment of Error No. III.
>> "The trial court erred when it overruled appellant's two motions for funds to employ experts."
>> "Assignment of Error No. IV.
>> "The cumulative error of appellant's substantive claims merit reversal or remand for a proper post-conviction process ."
>
> On March 13, 2003, the Sandusky County Grand Jury issued an indictment charging appellant with four counts of aggravated murder; all are violations of R.C. 2903.01(B). Each count carried specifications that, if appellant was convicted, would warrant the imposition of the death penalty. He was also charged with one count of burglary, a violation of R.C. 2911.12(A); one count of rape, a violation of R.C. 2907.02(A)(1); one count of abuse of a corpse, a violation of R.C. 2927.01(B); and one count of tampering with evidence. Appellant waived his right to a jury trial and chose to be tried by a three judge panel.
> On August 28, 2003, appellant entered a plea of guilty to one count of aggravated murder, with a death penalty specification. Pursuant to a negotiated plea agreement, the remaining charges and specifications in the indictment were subsequently dismissed. The three judge panel, after engaging in the colloquy required by Crim. R. 11(C) and stating the terms of the negotiated plea on the record as required by Crim. R. 11(F), found appellant guilty of aggravated murder and the death penalty specification and imposed an agreed upon sentence of life in prison without the possibility of parole.

4

>On December 3, 2003, appellant filed, pursuant to R.C. 2953.21(A), a timely petition for postconviction relief. First, he claimed that his conviction was void or voidable due to ineffective assistance of his appointed trial counsel. He maintained that his counsel "totally ignored many important facts and evidence" that were proof of his innocence. Second, he argued that his conviction was void or voidable because appellee, the state of Ohio, violated his constitutional right to due process and a fair trial by withholding material, exculpatory "evidence relevant to the trial." Appellant offered no facts in support of these allegations. Appellant also filed a motion asking the trial court to appoint a criminal/forensic scientist and for the funds needed to employ this expert.
>
>Appellee filed a motion to dismiss appellant's petition and, subsequently, a motion for summary judgment. Appellee contended that appellant failed to offer sufficient operative facts to create a genuine issue of material fact on the two claims raised in his complaint. Appellee therefore argued that the trial court could, pursuant to R.C. 2953.21(D) and State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, dismiss appellant's petition without holding an evidentiary hearing. Appellee filed a transcript of appellant's Crim .R. 11 hearing in support of its motion.
>
>On February 18, the common pleas court granted appellee's motion for summary judgment and dismissed appellant's petition. The court concluded that appellant failed to submit any evidence, by means of affidavit, or otherwise, to warrant a hearing on his petition.

State v. Woodhouse, 2004 WL 2634628 (Ohio App. 6 Dist.,2004).

Further, the Sixth Appellate District Court made the following legal findings with

regard to Mr. Woodhouse's assignments of error:

>Appellant's Assignment of Error No. I asserts that the trial court erred in dismissing his petition for postconviction relief because he presented sufficient operative facts and evidentiary material to necessitate discovery and an evidentiary hearing.
>
>To prevail on a petition for postconviction relief, the petitioner must demonstrate a denial or infringement of his rights in the proceedings that resulted in his conviction that rendered that conviction void or voidable under the Ohio Constitution or the United States Constitution. R.C. 2953.01(A)(1)(a). In order to obtain a hearing on a petition for postconviction relief, the petitioner has the burden of establishing that there are substantive grounds for relief based upon the petition, supporting affidavits, and the files and records in the case. R.C. 2953.21(C), State v. Calhoun (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph two of the syllabus.
>
>On the question of appellant's first claim for relief, normally he would be required to present facts and evidence showing that his trial

5

> counsel's performance was deficient in ignoring evidence of appellant's innocence and that this deficiency was prejudicial to appellant's case. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, a guilty plea waives the right to claim that one was prejudiced by constitutionally ineffective assistance of counsel except to the extent that such ineffective assistance made the plea less than knowing and voluntary. State v. Barnett (1991), 73 Ohio App.3d 244, 249, 596 N.E.2d 1101. See, also, State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.
> In the case under consideration, appellant neither offered evidentiary facts to support the self-serving assertion that trial counsel ignored proof of appellant's innocence nor presented any evidence to show that counsel's alleged deficiencies in this regard affected the voluntary and knowing entry of his guilty plea. Accordingly, the trial court did not err in failing to hold an evidentiary hearing on appellant's claim of ineffective assistance of counsel.
> As to his second ground for postconviction relief, appellant argued that appellee did not comply with Crim. R. 16(f) by failing to disclose any exculpatory evidence. Again, appellant did not offer any facts or evidence to support this allegation. To the contrary, the transcript of the guilty plea hearing reveals that the trial court asked appellant's lead counsel whether he was satisfied with the discovery provided by the prosecution. Counsel replied that "[W]e received complete, open file discovery." The court then questioned the prosecutor on the issue of whether the state complied with the requirements of discovery imposed by law. The prosecutor replied that those requirements were satisfied. Based on the foregoing, we must again find that the trial court did not err in failing to hold a hearing on appellant's second claim for relief.
> Accordingly, the trial court did not err in granting appellee's motion for summary judgment as a matter of law, see Civ. R. 56(C), and in dismissing appellant's petition for postconviction relief. Thus, appellant's Assignment of Error No. I is found not well-taken. Our disposition of this first assignment renders appellant's Assignments of Error Nos. II and III moot. Finally, because we concluded that the trial court committed no error in dismissing appellant's petition, appellant's Assignment of Error No. IV is found not well-taken.
> On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App. R. 24.

State v. Woodhouse, 2004 WL 2634628 (Ohio App. 6 Dist.,2004).

6

### III.  Federal Habeas Petition

Mr. Woodhouse timely filed the present petition for habeas relief asserting seven grounds for relief pursuant to § 2254:

(1) **Prosecutorial Misconduct**: The prosecution failed to meet the demand for a granted motion of discovery.  The prosecution obtained search warrants and statements for a number [sic] suspects and witnesses.  They sent a large list of specimens to be tested at the state's crime lab.  None of the statements made by witnesses or suspects or the complete DNA analysis of the majority of items sent to the labs for testing were ever given to the defense.

(2) **Ineffective assistance of counsel**: The defense counsel were very ineffective in that they ignored many important facts that would have had a profound impact on the outcome of the defendant's trial.  From the beginning of his trial the defendant maintained his plea of innocence.  He told counsel that he was under the influence of alcohol and illegal drugs during an interview in which incriminating statements were made.  Photographs and his appearance on the tape showed evidence of intoxication.  His defense counsel made no attempt to discredit the statements made of the video tape.  His counsel never attempted to gain its own evidence from the crime scene or the appellants home.  Moreover, the defense counsel clearly saw that the stipulations to the discovery law were not met yet they held a high disregard toward obtaining the evidence.  The trial judge even asked why they did not attempt to refute any of the existing evidence held by the state prosecutor.  The defendant had no other choice but to accept a plea bargain in the hopes of avoiding the death penalty.

(3) **Plea of guilty unlawfully induced**: The defendant maintained his plea of innocence throughout the trial.  After months of being held in solitary confinement under administrative segregation, the defendant was moved toward a plea agreement.  The defendant seeing other choices that his counsel would support he reluctantly accepted.  Regardless of the evidence of the defense counsel's lack in proper representation of the defendant the court accepted the plea and sentenced the defendant to life without parole.

(4) **Conviction obtained by the use of a coerced confession**: The defendant was convicted by the use of incriminating statement made on video.  The tape showed a person who is clearly intoxicated and under duress.  The manner in which the officer's [sic] question him is very suggestive and over bearing.  The defendant indicated that he did not wish to continue questioning several time which were ignored.  The detectives often goaded the defendant into making statements that they wanted to hear and that were repeated.  The series of events surrounded the crime, depicted by the defendant, were never

7

substantiated or backed by any credible evidence. The only evidence used to convict the defendant was a videotaped statement made by an intoxicated individual under the pressures of the interviewing officers.

(6) **No adequate corrective process provided by the state**: The State's post-conviction process is used to see Appellate relief on grounds that are not able to be raised on direct appeal, and because of the nature of the plea agreement. The Appellant had to seek an adequate corrective process through a post-conviction petition. The state post-conviction process as experienced by the Appellant did not provide an adequate corrective process. The appellant sought relief and was denied: Appointment of counsel, discovery motions, and even evidentiary hearings. Indigent petitioners have the nearly insurmountable burden of collecting evidence to support valid claims prior to filing the petition, without the means to do so. Without access to traditional discovery mechanism, Ohio's post-conviction process is rendered useless. Indeed the Sixth Circuit has commented several times on the process.

(7) **Denial of right of appeal**: Appellant was strategically forced into a situation where he would have to accept a plea bargain and give up his right to appeal in opes of avoiding the death penalty and in the hope of finding any adequate and just corrective process through the state's post-conviction process in the end none was provided.

(Doc. 1).

The respondent opposed the habeas petition, arguing: (1) Mr. Woodhouse procedurally defaulted grounds one, four, five, and seven of his habeas petition pursuant to his plea of guilty; (2) grounds two and three lacked merit under Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); and (3) ground six lacked merit where the Petitioner availed himself of the only post conviction process available to him. (Doc. 10).

### IV.  Law & Argument

**A.  Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling here as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed.2d 481 (1997).  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  See also Miller v. Francis, 269 F.3d 609, 614 (6th Cir.2001).

The United States Supreme Court outlined the proper application of § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."  Miller, 269 F.3d at 614 (quoting Williams v. Taylor, 529 U.S. 362 (2000)).  Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 1523.  The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not

9

grant relief unless it also finds that the state court ruling was unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000).

### B. Analysis

The United States Supreme Court states that a plea of guilty is valid if it is entered into voluntarily and intelligently as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970). The constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his or her own, competent counsel. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). A guilty plea must also be accompanied by "an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1969). In the habeas context, the affirmative showing is generally accomplished by the production of a "transcript of the state court proceedings to establish that the plea was made voluntarily." McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (citing Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993)). When evaluating the denial of a motion to withdraw a guilty plea, the federal habeas court must rely on the words used during the plea colloquy conducted in open court and not on any contrary beliefs or expectations about the plea or its consequences held by the defendant. Ramos v. Rogers, 170 F.3d 560 (6th Cir. 1999).

The R&R reviewed the record in light of United States v Broce, 488 U.S. 563, 574 (1989) and Baker v. United States, 781 F.2d 85 (6th Cir. 1986), which recognize that the only challenges a habeas petitioner may bring subsequent to a guilty plea concern the nature of a petitioner's counsel's advice to plead and the nature of the plea as

10

knowing, voluntary, and intelligent. See also Hill v. Lockhart, 474 U.S. at 56. The R&R found the only grounds presenting a question of merit, under these narrow considerations, are Petitioner's second and third grounds. Accordingly, the R&R recommended finding grounds one, four, five, six, and seven "non-cognizable on habeas review because they do not pertain to the nature of the plea." See Joe v. Eagleton, No. CA 2:03-1507-23, 2004 WL 3317659 at *3 (D.S.C. 2004), citing Hill v. Lockhart, 474 U.S. at 56 and Tollett v. Henderson, 411 U.S. 258, 267 (1973).

As the R&R notes, with regard to grounds two and three of his petition, Mr. Woodhouse alleged that his trial counsel failed to fully investigate the charges and witnesses before advising him about the guilty plea, and he was induced to plead guilty because his counsel failed to adequately represent him. Upon a review of the habeas writ and traverse, Mr. Woodhouse's plea hearing, and the record of his post conviction appeal, the Magistrate Judge found the Petitioner failed to establish a colorable claim of ineffective assistance of counsel and, further, failed to provide any evidence to show that his plea was not voluntarily and intelligently made. See Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975) (concluding that "[t]he accuracy and truth of an accused's statements . . . in which his guilty plea is accepted are conclusively established by that proceeding unless and until he makes some reasonable allegation why this should not be so.").

Mr. Woodhouse's objection to the R&R merely references his earlier filed traverse which this Court has reviewed and which the Magistrate Judge considered. The Petitioner's objection provides no evidence or argument beyond the record established prior to the R&R, and upon which the recommendations of the R&R are

predicated.

In the Sixth Circuit, objections to a magistrate judge's R&R "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Further, "a general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

In his objection to the R&R, Mr. Woodhouse argues the Magistrate Judge has unreasonably granted respondent's motion to dismiss, and that Petitioner's traverse should be reconsidered. In pertinent part, the objection states:

> The petitioner asserts that the magistrate cannot have thoroughly reviewed the evidence, mainly the traverse, and come to the negative conclusion that he suggest in light of such sensitive and grave matter as the rest of someone's life. The Magistrate Judge Limbert has, rather deftly, only referred to the broad and unjust assertions made by the same state courts who have never given the petitioner's claim a fair review.

(Doc. 16, p. 5). Further, Mr. Woodhouse's allegations of ineffective assistance of counsel and involuntary pleading merely repeat the arguments propounded in his traverse. Pursuant to the Court's decisions in Miller and Howard, petitioner's objection is ineffective.

Nevertheless, this Court has carried out a de novo review of the record and, in so doing, determines that, pursuant to § 2254, the state court proceedings did not unreasonably reject the Petitioner's claim of ineffective assistance of counsel or his argument that his plea was not voluntary, in light of the evidence presented. (Grounds two and three). Further, the Court finds that the state court proceedings, applying Strickland v. Washington, 466 U.S. 668, 687 (1984) to the allegation of deficient

counsel, resulted in a decision that was neither contrary to nor an unreasonable application of, Federal law as determined by the United States Supreme Court.

As to ground six of the habeas petition, a de novo review of the record indicates that Mr. Woodhouse availed himself of the only procedurally cognizable post conviction petition for relief available for a defendant entering a plea of guilty. The state courts properly considered, and rejected, his post conviction petition seeking reversal of his conviction. Accordingly, the Court determines that the state court proceedings, denying his claim of inadequate post-conviction process of appeal, was neither based on an unreasonable determination of the facts nor contrary to, nor involved an unreasonable application of, clearly established Federal law.

The Court further determines, pursuant to Tollett, 411 U.S. at 267, that Mr. Woodhouse's knowing, intelligent and voluntary guilty plea foreclosed consideration of constitutional deprivations claimed in his federal habeas corpus petition, where the alleged deprivations occurred prior to the entry of his guilty plea. The Tollett Court observed,

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.[1]

---

[1] In McMann v. Richardson, 397 U.S. 759, 770-71 (1970), the United States Supreme Court recognized that
> [w]hether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on

13

The Petitioner has not propounded any credible evidence in his habeas petition that he did not receive the effective assistance of competent counsel. To the contrary, the record is replete with evidence of counsel's competency and of Mr. Woodhouse's intelligent and voluntary plea of guilty. Accordingly, under Tollett, Mr. Woodhouse's intelligent and voluntary plea of guilty effectively waived any constitutional deprivations alleged to have occurred prior to the plea. Such waiver renders grounds one, four, five, and seven of Mr. Woodhouse's petition non-cognizable as procedurally defaulted. See also Wainright v. Sykes, 433 U.S. 72 (1977); Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000).

### V. Certificate of Appealability

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

---

whether that advice was within the range of competence demanded of attorneys in criminal cases. On the one hand, uncertainty is inherent in predicting court decisions; but on the other hand defendants facing felony charges are entitled to the effective assistance of competent counsel. Beyond this we think the matter, for the most part, should be left to the good sense and discretion of the trial courts with the admonition that if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts.

Id. (footnotes omitted).

14

whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines the Petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of Mr. Woodhouse's habeas claim was debatable or wrong. Thus, the Court will deny Mr. Woodhouse a certificate of appealability.

Mr. Woodhouse presented seven grounds for relief in his habeas petition. Upon de novo review, pursuant to Mr. Woodhouse's objections to the Magistrate Judge's R&R, this Court dismissed grounds one, four, five, and seven of the petition as procedurally defaulted, while grounds two, three and five were denied after finding that the state appellate court determinations were not objectively unreasonable nor contrary to clearly established Federal law, and did not result from a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Upon review pursuant to Slack, this Court further concludes that Mr. Woodhouse has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. Accordingly, pursuant to the standard laid down in Slack, this Court denies a COA for Mr. Woodhouse's habeas claims.

## V. Conclusion

For the foregoing reasons, this Court denies the petitioner's objections and adopts the Magistrate Judge's R&R. Accordingly, Mr. Woodhouse's habeas petition, pursuant to 28 U.S.C. § 2254, is dismissed in part (with regard to grounds one, four, five, and seven) and denied in part (with regard to grounds two, three and six), without further proceedings.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE